# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARC NORFLEET, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18−cv–1524−SMY |
| | ) | |
| JOHN BALDWIN, | ) | |
| JACQUELINE LASHBROOK, | ) | |
| LARUE LOVE, | ) | |
| KAREN JAIMET, | ) | |
| PATRICK KEANE, | ) | |
| MALCOLM, | ) | |
| HUBBER, | ) | |
| ONALSKI, | ) | |
| WAHL, | ) | |
| PITTMAN, | ) | |
| SARAH JOHNSON, | ) | |
| FRANK LAWRENCE, | ) | |
| HUGES, | ) | |
| TOURVILLE, | ) | |
| ANGELA CRAIN, | ) | |
| MOHAMMED SIDDIQUI, | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| CORRECTIONS, and | ) | |
| WEXFORD HEALTH SOURCES, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Marc Norfleet, an inmate at Menard Correctional Center ("Menard"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that occurred at Menard and Pinckneyville Correctional Center ("Pinckneyville"). Plaintiff requests injunctive relief and damages.

This case is now before the Court for a preliminary review of the Complaint pursuant to

28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-

27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not

plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line

between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the

*pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577

F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it

appropriate to exercise its authority under § 1915A; portions of this action are subject to

summary dismissal.

## The Complaint

Plaintiff makes the following allegations in the Complaint: Plaintiff has radiculopathy

and is confined to a wheelchair. (Doc. 1, p. 6). He has a court date in Cook County on October

11, 2018, which will require him to be transported out of Menard. (Doc. 1, p. 9). The policy of transporting him in his wheelchair with "belly-chain" restraints (with his hands crossed and secured in front of his chest), puts him at risk of serious harm. *Id*. When Plaintiff is in the restraints, he cannot physically grab his wheelchair to prevent himself from falling during transport. *Id*. He is also unable to brace himself to minimalize the shocks of travel, which causes him pain. *Id*.

Plaintiff filed a grievance on July 7, 2016 while incarcerated at Pinckneyville which put Defendants IDOC, Lashbrook, Jaimet, Love, Malcolm, and Wexford on notice that he had a disability that needed to be accommodated by using waist chains (as opposed to belly chains) in transport. (Doc. 1, p. 13). Plaintiff was given an indefinite waist chain permit on July 17, 2016, but Baldwin, Lashbrook, Love, Jaimet, Keane, Malcolm, Hubber, Onalski, Wahl, Pittman, and IDOC refused to honor it while Plaintiff was house at Pinckneyville on November 1, 2016, November 8, 2016, November 15, 2016, November 17, 2016, and February 14, 2017. (Doc. 1, p. 14). The failure to honor the permit aggravated pain from Plaintiff's chronic nerve condition and caused cuts and bruises on his wrists. *Id*. Baldwin, Johnson, and Keane denied a grievance regarding waist/belly chains on February 16, 2017 on timeliness grounds, which violated Plaintiff's constitutional rights. (Doc. 1, pp. 16-18).

Plaintiff's wheelchair is broken, and he has been requesting repair since March 21, 2018, but has received only "fruitless" replies. (Doc. 1, p. 20). As a result, Plaintiff suffers from jarring forearm pain. *Id*. His chronic nerve pain is also aggravated by being wheeled over broken asphalt and during vehicular transport. *Id*.

Baldwin, Lashbrook, Keane, Lawrence, Huges, Tourville, Crain, Siddiqui, IDOC, and Wexford have a policy of directing Wexford physicians to write permits with a 1-year expiration

date. (Doc. 1, p. 22). As a result of this policy, these defendants are not honoring Plaintiff's April 20, 2017 permit for Plaintiff to use waist chains on transport. *Id.*

Defendants IDOC, Baldwin, Crain, Lashbrook, Lawrence, Hughes, Tourville, and Keane were deliberately indifferent to Plaintiff's need for waist chains when they permitted him to be transported to a court hearing in front of Judge Joseph M. Claps in belly chains on May 16, 2017, causing Plaintiff to show the judge his bruised and swollen wrists. (Doc. 1, pp. 22-23).

Plaintiff's cell was shaken down on July 5, 2018, at which time it was noted that his wheelchair's armrest had become detached and was in his cell. (Doc. 1, p. 25). The fact that "no contraband was found" was also noted. *Id.*

On July 10, 2018, Plaintiff received a physician visit from Dr. Siddiqui who gave Plaintiff a list of all his medications, along with their expiration dates. *Id.* The next day, Plaintiff received a pass for the clothing room to receive dress clothes for his next court appearance. *Id.*

On July 12, 2018, Huges and/or Tourville told Plaintiff that his waist chain transport permit was expired. *Id.* Plaintiff complained that he had just seen Dr. Siddiqui and that it was Siddiqui's fault for failing to renew the permit. *Id.* Plaintiff also argued that his previous waist chain permit, also issued by a Wexford physician, was still valid because it was issued indefinitely. *Id.* Huges and/or Tourville honored the waist chain permit on July 12, 2018. *Id.* However, IDOC and Huges told Plaintiff that he would no longer be permitted to wear a waist chain during any future transports without a permit approved by Dr. Siddiqui. (Doc. 1, p. 26).

Huges and Tourville then retaliated against Plaintiff for complaining by writing him a misdemeanor disciplinary ticket regarding the broken arm rest found in his cell. (Doc. 1, pp. 26-

28). As a result of the ticket, Plaintiff was denied law library and yard time for 2 weeks. (Doc. 1, p. 28).

Plaintiff met with Dr. Siddiqui on July 17, 2018, at which time he renewed the waist chain permit, but also told Plaintiff that Menard was not considered an ADA facility, and thus did not honor indefinite permits. (Doc. 1, p. 30). On August 1, 2018, Dr. Siddiqui issued a memorandum informing Plaintiff that decisions regarding transport were to be made by security staff and that his waist chain/no black box permit was discontinued. (Doc. 1, pp. 36, 50). Plaintiff claims the discontinuation was part of a new policy. (Doc. 1, p. 30).

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 7 Counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. As discussed below, the following claims survive threshold review and will proceed together in this action:

> **Count 1** – Baldwin, Lashbrook, Keane, Lawrence, Crain, IDOC, and Wexford violated Plaintiff's rights under the Eighth Amendment, Americans with Disabilities Act ("ADA"), and/or Rehabilitation Act ("RA") when they refused to repair his wheelchair from March 21, 2018 onward while Plaintiff was incarcerated at Menard Correctional Center;
>
> **Count 2** – Defendants IDOC, Baldwin, Crain, Lashbrook, Lawrence, Hughes, Tourville, and Keane were deliberately indifferent to Plaintiff's need for waist chains in violation of the Eighth Amendment, ADA, and RA when they permitted him to be transported to a court hearing in front of Judge Joseph M. Claps in belly chains on May 16, 2017;
>
> **Count 3** – IDOC, Baldwin, Keane, Lawrence, Huges, Tourville, and Siddiqui adopted an unconstitutional policy when Siddiqui cancelled all waist chain/no black box permits in violation of the Eighth Amendment.

However, the following Counts fail to state a claim upon which relief can be granted, and will therefore be dismissed without prejudice:

> **Count 4** – Baldwin, Lashbrook, Keane, Lawrence, Huges, Tourville, Crain, Siddiqui, IDOC, and Wexford have an unconstitutional policy of directing

physicians to write permits with expiration dates in violation of the Eighth Amendment;

**Count 5** – Huges and Tourville retaliated against Plaintiff for complaining that they did not immediately honor his waist chain permit on July 12, 2018 by issuing a disciplinary report based on a cell search in violation of the First Amendment.

Finally, the following Counts are improperly joined to the present action, and will dismissed without prejudice:

**Count 6** – Baldwin, Lashbrook, Love, Jaimet, Keane, Malcolm, Hubber, Onalski, Wahl, Pittman, and IDOC were deliberately indifferent to Plaintiff's neuropathy in violation of the Eighth Amendment, ADA and/or RA when they refused to honor his July 17, 2016 waist chain permit on November 1, 2016, November 8, 2016, November 15, 2016, November 17, 2016, and February 14, 2017 while Plaintiff was incarcerated at Pinckneyville Correctional Center;

**Count 7** – Baldwin, Johnson, and Keane violated Plaintiff's Due Process rights under the Fourteenth Amendment, the ADA, and the RA when they denied a grievance regarding waist/belly chain usage at Pinckneyville on February 16, 2017 on timeliness grounds.

### Discussion

Prison officials inflict cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). In order to state such a claim, an inmate must make allegations sufficient to show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016).

An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or one that involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The subjective element requires proof that the defendant knew of facts from which

he could infer that a substantial risk of serious harm existed, and he must have actually drawn the inference. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

As to Plaintiff's statutory claims, the ADA applies to prisons. In *Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206 (1998), the Supreme Court held: "State prisons fall squarely within the statutory definition of 'public entity'. . . . The text of the ADA provides no basis for distinguishing these programs, services, and activities from those provided by public entities that are not prisons." *Id*. at 210. The Court further held in *U.S. v. Georgia*, 546 U.S. 151 (2006), that an inmate may bring a private cause of action for damages pursuant to Title II of the ADA *if* the state actor's conduct also violates the Eighth Amendment. In other words, a plaintiff's inability to establish a constitutional violation forecloses an ADA private cause of action. *See Morris v. Kingston*, 368 F. App'x 686 (7th Cir. 2010).

The relief available to a plaintiff under the Rehabilitation Act is coextensive. *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 671–72 (7th Cir. 2012); *Compare* 29 U.S.C. § 794A *with* 42 U.S.C. § 12117 (both incorporating 42 U.S.C. § 2000e–5 for private right of action); *see Barnes v. Gorman,* 536 U.S. 181, 189 & n. 3, (2002). And, with respect to this lawsuit, the analysis governing each statute is the same except that the RA includes as an additional element the receipt of federal funds, which all states accept for their prisons. *See Cutter v. Wilkinson,* 544 U.S. 709, 716 n. 4,(2005); *Gratzl v. Office of Chief Judges,* 601 F.3d 674, 678 (7th Cir. 2010); *Foley v. City of Lafayette, Ind.,* 359 F.3d 925, 928 (7th Cir. 2004); *Ozlowski v. Henderson,* 237 F.3d 837, 842 (7th Cir. 2001). The RA, however, does not require the same sovereign immunity analysis or an underlying constitutional violation to accord relief. *Jaros*, 684 F.3d at 672. (citing *Duran v. Town of Cicero, Ill.,* 653 F.3d 632, 639 (7th Cir. 2011) (plaintiffs may have but one

recovery); *Calero–Cerezo v. United States Dep't of Justice,* 355 F.3d 6, 11 n. 1 (1st Cir. 2004) (dismissal of ADA claim had no effect on scope of remedy because Rehabilitation Act claim remained)).

To state a claim under the ADA or RA, a plaintiff must allege that (1) he is a qualified person (2) with a disability and (3) the Department of Corrections denied him access to a program or activity because of his disability. *See* 29 U.S.C. § 705(2)(B); *Wis. Cmty. Serv. v. City of Milwaukee,* 465 F.3d 737, 746 (7th Cir. 2006); *Foley,* 359 F.3d at 928; *Grzan v. Charter Hosp. of Nw. Ind.,* 104 F.3d 116, 119 (7th Cir. 1997). Refusing to make reasonable accommodations is tantamount to denying access. Although the RA does not expressly require accommodation, "the Supreme Court has located a duty to accommodate in the statute generally." *Wis. Cmty. Serv.,* 465 F.3d at 747; *see also Alexander v. Choate,* 469 U.S. 287, 300–01(1985).

**Counts 1 and 2**

Counts 1 and 2 state a claim under the Eighth Amendment, ADA, and/or RA as to some of the named Defendants. However, Plaintiff's inclusion of IDOC as a defendant separately from John Baldwin is duplicative. While IDOC is the only proper defendant for an ADA/RA claim, a suit against Baldwin in his official capacity suffices to name IDOC. Therefore, IDOC will be dismissed from Counts 1 and 2, and those claims shall proceed against Baldwin in his individual and official capacities.

Wexford must also be dismissed from Count 1. Wexford is a corporation, and normally, a private corporation is shielded from vicarious liability under § 1983. However, Wexford is presumed to act under color of state law, and is thus treated as though it were a municipal entity. *Jackson v. Ill. Medi–Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002). In order to state a claim

against a municipality, a plaintiff must sufficiently allege that the wrongdoers acted pursuant to an unconstitutional policy or custom, *Whiting v. Wexford Health Sources*, *Inc.*, 839 F.3d 658, 664 (7th Cir. 2016); *Shields v. Ill Dep't of Corr.*, 746 F.3d 782, 790 (7th Cir. 2014); *Perez v. Fenoglio*, 792 F.3d 768, 780 & n. 5 (7th Cir. 2015), and that the policy was the moving force behind the constitutional violation. *Gable v. City of Chicago,* 296 F.3d 531, 537 (7th Cir. 2002) (*quoting Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978)). A policy claim can include implicit policies or gaps in explicit policies. *Daniel v. Cook County*, 833 F.3d 728 (7th Cir. 2016). Plaintiff has not alleged that his wheelchair is not being repaired due to a specific Wexford policy or custom. As such, there are no grounds to hold Wexford responsible, and they will be dismissed without prejudice from Count 1.

### Count 3

Plaintiff has adequately alleged that Dr. Siddiqui was deliberately indifferent to the pain and suffering he experiences from the black box restraints when Dr. Siddiqui cancelled all medical permits for waist chains as a matter of policy. Therefore, Count 3 will proceed against Dr. Siddiqui.

However, Plaintiff's claim that IDOC, Baldwin, Keane, Lawrence, Huges, and Tourville were involved in Dr. Siddiqui's decision appears to be nothing more than speculation and conjecture. Plaintiff has submitted the memorandum in question, but it is signed by Dr. Siddiqui only. In any event, non-medical officials are entitled to defer to the decision of a medical service provider on medical issues. *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)). *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). As Plaintiff has failed to make a plausible allegation that anyone other than Dr.

Siddiqui was involved in the decision at issue, IDOC, Baldwin, Keane, Lawrence, Huges, and Tourville will be dismissed from this claim without prejudice.

## Counts 4-7

None of Plaintiff's other claims may proceed in this lawsuit. Plaintiff has attempted to bring another claim regarding a policy issue in Count 4, but that claim fails in its entirety. Plaintiff alleges that certain defendants promulgated a policy of only writing permits with a 1-year expiration date. The Court fails to see how this policy would harm Plaintiff. *See Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009); *Doe v. Welborn,* 110 F.3d 520, 523 (7th Cir. 1997). Plaintiff's allegation throughout this lawsuit is not that his permits were not timely considered and/or renewed; it's that he had permits that guards failed to honor. Moreover, there is nothing in the Constitution that prohibits a medical provider from reviewing a decision they previously made. It may be deliberate indifference to fail to renew a medically necessary permit, but it is not deliberate indifference to limit the availability of a course of treatment, in anticipation that circumstances may change. Many other forms of treatment, such as drugs and physical therapy, are only prescribed for a set period of time.

As to Count 5, to succeed on a First Amendment Retaliation claim, a plaintiff must prove 1) that he engaged in conduct protected by the First Amendment; 2) that he suffered a deprivation that would likely deter First Amendment activity in the future; and 3) that the protected conduct was a "motivating factor" for taking the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). It is debatable whether Plaintiff's comments regarding the advisability of the use of belly chains during transport constitute protected speech, but the Court will assume that they do for purposes of this Order. Nevertheless, Plaintiff has not sufficiently alleged that he suffered a deprivation which would deter First Amendment activity or that the

10

protected conduct was the motivating factor for taking the allegedly retaliatory action. Plaintiff alleges that as the result of the discipline imposed, he was deprived of the opportunity to shop and use the law library for a 2-week period of time. This is not the type of deprivation that would deter a person of ordinary firmness from engaging in protected conduct, especially given that Plaintiff was able to file 2 documents in Case No. 18-564-DRH, and 1 document in Case No. 10-cv-626-SCW during the relevant time period. Moreover, even though Plaintiff alleges that he suffered a deprivation, he concedes that the guards did what he asked them to and honored the waist chain permit. It is not plausible that guards would accede to a prisoner's request for waist chains, and later punish him for making the request that they honored. For these reasons, Count 5 will be dismissed without prejudice for failure to state a claim.

The Court finds that the claims in **Counts 6 and 7** are improperly joined to this action. In *George v. Smith*, the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits, "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(b)(g)); *Wheeler v. Talbot*, 695 F. App'x 151, 152 (7th Cir. 2017) (failing to sever mis-joined claims prejudices the United States Treasury); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). The Court has broad discretion as to whether to sever claims pursuant to Federal Rule of Civil Procedure 21 or to dismiss improperly joined defendants. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000).

Federal Rule of Civil Procedure 20 permits joinder of all claims that "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences; [when] any question of

11

law of fact common to all defendants will arise in the action." That means that a plaintiff cannot join separate claims against different defendants or sets of defendants in the same lawsuit unless the plaintiff asserts a claim for relief against each defendant that arises out of the same transaction or occurrence or series thereof and presents common questions of law or fact. *Owens*, 860 F.3d at 436; *George*, 507 F.3d at 607. Unrelated claims may be joined under Federal Rule of Civil Procedure 18 where Rule 20 has already been satisfied. *Intercon Research Associates, Ltd. v. Dresser Ind., Inc.*, 696 F.2d 53, 57 (7th Cir. 1982). Therefore, the analysis the Court must perform in determining whether claims are properly joined is twofold: (1) a court must determine whether defendants are properly joined pursuant to Rule 20; (2) a court may then consider any unrelated claims against one or more of the group of defendants properly joined in the first step.

Although currently incarcerated at Menard, Plaintiff has attempted to join claims arising out of his time at Pinckneyville Correctional Center. While Plaintiff raises the same issue – that staff refuses to honor his waist chain/no black box permits – there are significant differences between the claims so that they are not part of the same transaction or occurrence. For example, the medical permit at issue in the Pinckneyville claims was issued by a different doctor than the one at issue in the Menard claims. Menard and Pinckneyville have different security classifications, which may weigh on the reasonableness of honoring the permits in different environments. The guards working and making the decision on whether to honor the permits are different guards. Additionally, the Seventh Circuit has found severance appropriate in situations where an inmate has raised a common complaint across multiple institutions. *See Owens v. Evans*, 878 F.3d 559, 561 (7th Cir. 2017) (noting district court should have severed case involving claims against 44 defendants, alone and in conspiracy, across 4 prisons).

For the above reasons, the Court finds that the Pinckneyville claims are improperly joined to this litigation. However, the Court will dismiss the claims without prejudice so that Plaintiff can decide whether he wishes to present an amended complaint with properly-joined claims in this action, or pursue the Pinckneyville claims in a new case.[1]

**<u>Pending Motions</u>**

Plaintiff's Motion for Leave to Proceed in forma pauperis will be addressed by separate order. (Doc. 2).

Plaintiff has also moved the Court to appoint him counsel. A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915 (e) (1). There is no constitutional or statutory right to counsel for a civil litigant, however. *Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Recruitment of counsel lies within the sound discretion of the court. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)).

In determining whether to recruit counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). The first prong of the analysis is a threshold question; if a plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at 655.

---

[1] Plaintiff should bear in mind that the statute of limitations is 2 years in a § 1983 case.

The Court finds that Plaintiff has failed to meet his burden of making a "reasonable attempt" to secure counsel. *See Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010); *Brock v. Beelman Truck Co.,* 2010 WL 1692769, at * 2 (S.D.Ill. April 27, 2010). Plaintiff states that he has made no effort to recruit counsel on his own because he has no envelopes. There is reason to doubt that assertion. Plaintiff submitted his Complaint in this case via priority mail in an envelope, despite the fact that he is incarcerated at Menard, an institution that participates in e-filing and allows inmates to submit Complaints through that program. The Court therefore presumes that Plaintiff has made no attempt to recruit counsel for this case on his own. As Plaintiff has failed to make his threshold showing, the Court will not recruit counsel for him at this time. Plaintiff's Motion is **DENIED**. (Doc. 3).

Finally, Plaintiff has requested a preliminary injunction to prevent guards at Menard from transporting him to a court appearance on October 11, 2018 using belly chains. (Doc. 1, pp. 9-11). The Clerk of Court is **DIRECTED** to docket a motion for preliminary injunction, which will be addressed promptly.

## Disposition

**IT IS HEREBY ORDERED** that **Counts 1-3** survive threshold review against Baldwin, Lashbrook, Keane, Lawrence, Huges, Tourville, Crain, and Siddiqui, respectively. IDOC is **DISMISSED without prejudice** as a duplicative defendant in **Counts 1-2**. Wexford is **DISMISSED** from **Count 1 without prejudice** for failure to state a claim. IDOC, Baldwin, Keane, Lawrence, Huges, and Tourville are **DISMISSED without prejudice** from **Count 3** for failure to state a claim. **Count 4** is **DISMISSED without prejudice** for failure to state a claim. **Count 5** is **DISMISSED without prejudice** for failure to state a claim. **Counts 6-7** are **DISMISSED without prejudice** as improperly joined to this action.

Plaintiff's Motion to Appoint Counsel is **DENIED without prejudice**. (Doc. 3). The Clerk of Court is **DIRECTED** to docket a motion for a preliminary injunction.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Baldwin, Lashbrook, Keane, Lawrence, Huges, Tourville, Crain, and Siddiqui: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Reona J. Daly for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Reona J. Daly for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 14, 2018**

s/ STACI M. YANDLE
**U.S. District Judge**

16