IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARC NORFLEET, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18-CV-1524-SMY-RJD |
| | ) | |
| JOHN BALDWIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Reona J. Daly, recommending that the undersigned grant in part, deny in part, and find as moot in part Plaintiff's requests for preliminary injunction (Docs. 7, 10, and 27). Defendants filed timely objections (Doc. 57 and 58). For the following reasons, Judge Daly's Report and Recommendation is **ADOPTED in part** and **REJECTED as MOOT in part**.

### Background

Plaintiff Marc Norfleet, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. In his Complaint, Norfleet asserts that he has radiculopathy and is confined to a wheelchair. He alleges that Menard Correctional Center's policy of transporting him in his wheelchair with "belly-chain" restraints and a black box (wherein his hands are crossed and secured in front of his chest) puts him at serious risk of harm as he cannot physically grab his wheelchair to prevent himself from falling and is unable to brace himself from the shocks of travel. Norfleet also alleges that his wheelchair is in disrepair, but prison officials have failed to make any necessary repairs.

He moves for a preliminary injunction, requesting that the Court order Defendants to honor his previous waist chain medical permit, repair his wheelchair and shower chair, and provide him with an air mattress.

Following a November 19, 2018 evidentiary hearing on Norfleet's motions, Judge Daly issued her Report. The Report details the nature of the evidence presented by the parties as well as the applicable law. Judge Daly concluded that (1) Norfleet's requests concerning the Menard shower chair and an air mattress were not related to any claim in this lawsuit and thus were not properly before the Court; (2) Norfleet's request for a wheelchair repair was moot because the repairs have been completed; and (3) Norfleet will suffer irreparable harm absent a preliminary injunction requiring Defendants to provide him with a waist chain medical permit. Accordingly, Judge Daly recommended the undersigned issue an injunction ordering Defendants to reissue Norfleet's medical permit allowing for waist chains on transport with an expiration date of July 17, 2019.

Since Defendants filed timely objections, the undersigned must undertake a *de novo* review of Judge Daly's recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights,* 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers,* 965 F.2d 298, 301 (7th Cir. 1992). *De novo* review requires the district judge to "give fresh consideration to those issues to which specific objections have been made" and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Harper,* 824 F.Supp. at 788 (citing 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)); *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may

accept, reject or modify the magistrate judge's recommended decision." *Harper,* 824 F. Supp. at 788. Consistent with these standards, the Court has reviewed Judge Daly's Report *de novo*.

## Discussion

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997). The purpose of such an injunction is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Fahenm-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). To obtain a preliminary injunction, Norfleet has the burden of establishing that: (1) he is likely to succeed on the merits of his claim; (2) he has no adequate remedy at law; and (3) he is likely to suffer irreparable harm without the injunction. *Planned Parenthood of Indiana, Inc. v. Comm'r of Indiana State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012), *citing Am. Civil Liberties Unions of Ill. v. Alvarez,* 679 F.3d 583, 589-90 (7th Cir. 2012).

In the context of prisoner litigation, the scope of the Court's authority to enter an injunction is circumscribed by the Prison Litigation Reform Act ("PLRA"). *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer,* 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prisons officials have broad administrative and discretionary authority over the institutions they manage") (internal quotation marks and citation omitted).

For their objection, Defendants note that Dr. Siddiqui was out of town at the time of the evidentiary hearing and that they "promised" Norfleet would be scheduled to be seen by Dr.

Siddiqui when he returned to work. Norfleet was then evaluated on November 30, 2018 and was issued a new waist chain permit, effective through November 2019. Defendants attached a copy of the permit to their objection. Defendants assert that Norfleet's motion for preliminary injunction as to the waist chain permit is therefore moot. Defendants further note that the waist chain permit issued to Norfleet does not expire until November 2019, while the Report only recommends the extension of the waist chain permit until July 2019.

The Court agrees that under the circumstances, the recommended injunctive relief is moot. Accordingly, Judge Daly's Report will be **REJECTED** as **MOOT** as to her recommendation that the Court grant a preliminary injunction requiring Defendants to provide a waist chain permit until July 2019. As there have been no objections to Judge Daly's recommendations regarding Norfleet's shower chair, air mattress, or wheelchair requests, the remainder of the Report is **ADOPTED**. Accordingly, Norfleet's motions for preliminary injunctions (Docs. 7, 10, and 27) are **DENIED in part** and **FOUND as MOOT in part.**

**IT IS SO ORDERED.**

**DATED:  April 4, 2019**

**STACI M. YANDLE**
**United States District Judge**