IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARC NORFLEET, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-1524-SMY-RJD |
| | ) | |
| JOHN BALDWIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Marc Norfleet, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. In his complaint, Plaintiff asserts that he has radiculopathy and is confined to a wheelchair. Plaintiff alleges that Menard Correctional Center's policy of transporting him in his wheelchair with "belly-chain" restraints and a black box (wherein his hands are crossed and secured in front of his chest) puts him at serious risk of harm as he cannot physically grab his wheelchair to prevent himself from falling and is unable to brace himself from the shocks of travel. Plaintiff also alleges that his wheelchair is in disrepair, but prison officials have failed to make any necessary repairs. Plaintiff's complaint was screened pursuant to 28 U.S.C. § 1915A and he is proceeding on the following claims:

Count One: Baldwin, Lashbrook, Keane, Lawrence, and Crain violated Plaintiff's rights under the Eighth Amendment, the Americans with Disabilities Act ("ADA"), and/or the Rehabilitation Act ("RA"), when they refused to repair his wheelchair from March 21, 2018 onward while Plaintiff was incarcerated at Menard Correctional Center.

Count Two: Defendants Baldwin, Crain, Lashbrook, Lawrence, Hughes, Tourville, and Keane were deliberately indifferent to Plaintiff's need for waist chains in

> violation of the Eighth Amendment, ADA, and RA when they permitted him to be transported to a court hearing in front of Judge Joseph M. Claps in belly chains on May 16, 2017.

> Count Three: Siddiqui adopted an unconstitutional policy when he cancelled all waist chain/no black box permits in violation of the Eighth Amendment.

Now before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint[1] (Doc. 61). In his proposed second amended complaint, Plaintiff seeks to add as defendants to this action Menard Correctional Guard Bochantin, Ritz from Wexford Health Sources, Inc., Pinckneyville Assistant Warden LaRue Love, Pinckneyville Warden Karen Jaimet, Pinckneyville Correctional Guards Malcolm, Hubber, Onalski, and Wahl, Pinckneyville Physical Therapy and Disability Equipment Supervisor Dan Varel, and Nurse J. Prosise, as well as Wexford Health Sources, Inc. and the Illinois Department of Corrections ("IDOC"). Plaintiff also sets forth various claims; however, his proposed second amended complaint is difficult to comprehend and he fails to clearly align his proposed claims with particular defendants. Despite these difficulties, the Court has attempted to discern his proposed amendments and its analysis is set forth below.

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). The Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298

---

[1] Plaintiff's Motion for Leave to File a First Amended Complaint was rendered moot by his filing of the instant motion (*see* Doc. 96).

(7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996) (quoting *Duckworth v. Franzen*, 780 F.2d 645, 649 (7th Cir. 1985)) ("The Federal Rules of Civil Procedure create [a system] in which the complaint does not fix the plaintiff's rights but may be amended at any time to conform to the evidence."). A court may also deny a party leave to amend if there is undue delay, dilatory motive or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

It appears Plaintiff seeks to add an Eighth Amendment, ADA, and RA claim against Love, Jaimet, Malcolm, Hubber, Onalski, Wahl, and Pittman for transporting Plaintiff in belly chains contrary to his waist chain permit. Although not entirely clear, it seems Plaintiff is complaining about transports that occurred on November 1, November 8, November 15, November 17, 2016 and February 14, 2017 while he was at Pinckneyville. This claim would be added to Count Two currently pending in this case related to a transport that occurred on May 16, 2017 while Plaintiff was at Menard. The Court considered this claim in its initial screening order and dismissed it without prejudice as improperly joined (*see* Doc. 9). Significantly, in the screening order, District Judge Staci M. Yandle found that Plaintiff's attempt to join claims arising from his time at Pinckneyville were not part of the same transaction or occurrence despite Plaintiff raising the same issue — transport in belly chains. In that order, the Court noted that the medical permit at issue in the Pinckneyville claims was issued by a different doctor than the permit at issue in the Menard claims. The Court also noted that Menard and Pinckneyville have different security classifications and the guards making the decision on whether to honor the permits are different. Plaintiff has not cured the defects cited by District Judge Yandle in his proposed amended complaint and, as such, the Court again finds that joinder of this claim is improper. Plaintiff shall not be allowed to proceed on this claim in this case.

Plaintiff also seeks leave to proceed on what he designates as Count II, which he describes as a Fourteenth Amendment due process and equal protection claim against Defendants IDOC, Baldwin, Lashbrook, Hughes, Tourville, Bochantin, Wexford, and Siddiqui for voiding all medically issued disability accommodating waist chain transport permits. Plaintiff is already proceeding on these allegations against Defendant Siddiqui in Count III of the current action. He shall be allowed to name, as additional defendants, Baldwin and Lashbrook. The addition of any other defendant would be redundant and unnecessary as these additional defendants would be responsible for implementing the policy at issue. The Court notes that Plaintiff does not include allegations to support a due process or equal protection claim; however, his allegations support an Eighth Amendment claim.

In his proposed Count III, Plaintiff reiterates the allegations underlying Count One currently proceeding in this case. There is no need to amend his complaint to add this claim.

In his proposed Count IV, Plaintiff alleges Defendants Lashbrook, Keane, Lawrence, and Crain failed to replace the shower chair at Menard knowing Plaintiff would suffer in his attempts to use the same. As a result, Plaintiff alleges he suffers excruciating pain in his left leg, hands, and forearm. Although sparse, his allegations are sufficient to state a claim against Defendants Baldwin, Lashbrook, Keane, Lawrence, and Crain under the Eighth Amendment, ADA, and RA.

Based on the foregoing, Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 61) is **GRANTED IN PART AND DENIED IN PART**.

Plaintiff shall now proceed in this action on the following claims (the enumeration of the counts as set forth below shall be used by the Court and the parties for the remainder of this litigation):

Count One:   Baldwin, Lashbrook, Keane, Lawrence, and Crain violated Plaintiff's rights

under the Eighth Amendment, the Americans with Disabilities Act ("ADA"), and/or the Rehabilitation Act ("RA"), when they refused to repair his wheelchair from March 21, 2018 onward while Plaintiff was incarcerated at Menard Correctional Center.

Count Two: Defendants Baldwin, Crain, Lashbrook, Lawrence, Hughes, Tourville, and Keane were deliberately indifferent to Plaintiff's need for waist chains in violation of the Eighth Amendment, ADA, and RA when they permitted him to be transported to a court hearing in front of Judge Joseph M. Claps in belly chains on May 16, 2017.

Count Three: Siddiqui, Baldwin, and Lashbrook adopted an unconstitutional policy when they cancelled all waist chain/no black box permits in violation of the Eighth Amendment.

Count Four: Baldwin, Lashbrook, Keane, Lawrence, and Crain violated Plaintiff's rights under the Eighth Amendment, the Americans with Disabilities Act ("ADA"), and/or the Rehabilitation Act ("RA"), when they failed to replace the shower chair at Menard from March 2018 onward.

The Clerk of Court is **DIRECTED** to file Plaintiff's proposed second amended complaint at the Second Amended Complaint.

**IT IS SO ORDERED.**

**DATED: June 18, 2019**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**